## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

GINGER DAYTON, an individual,           )
                                        )
        Plaintiff,                      )
                                        )          **CIVIL ACTION NO.**
v.                                      )
                                        )          3:07CV599-MEF
J. B. HUNT TRANSPORT, INC., a business  )
or corporation; STEVEN CHAD TAGGART)
an individual, et al.,                  )
                                        )
        Defendants.                     )

### NOTICE OF REMOVAL

COMES NOW the Defendants, **J. B. HUNT TRANSPORT, INC., and STEVEN CHAD TAGGART**, and file this their Notice of Removal of this action from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.  As grounds therefor, these Defendants show unto the Court as follows:

### I.  BACKGROUND OF THIS ACCIDENT

1.      This civil action was filed on or about May 18, 2007,  in the Circuit Court of Russell County, Alabama.  Said action is now pending in said Court, being Civil Action No. CV-07-124.  True and correct copies of all pleadings and papers contained in the State court file are attached hereto as Exhibit "A".

## II.  THE PLAINTIFF

2.      The Plaintiff, Ginger Dayton is, and was at the time of the commencement of this action, a citizen of the State of Alabama.

## III.  THE REMOVING DEFENDANTS

3.      Defendant, J. B. Hunt Transport, Inc., is, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Georgia, with is principal place of business in the State of Arkansas.

4.      Defendant, Steven Chad Taggart, is, and was at the time of the commencement of this action, a resident of the State of Texas.

## IV.  GROUNDS FOR REMOVAL

5.      This action is being removed pursuant to 28 USC §1441 et seq. in as much as this action could have originally been brought in this Court pursuant to 28 USC § 1332.

6.      This action could have originally been brought in this Court under 28 USC § 1332 in that this is a civil action wherein there is complete diversity of citizenship and the matter in controversy exceeds $75,000 exclusive of interest and costs.  (See Plaintiff's Complaint seeking compensatory and punitive damages.)  Further, these Defendants assert that the Plaintiff claims damages for personal injury, lost wages, pain and suffering, property damages and property loss as a result of the accident in question.

7.      There is a complete diversity of citizenship between the Plaintiff and the Defendants.

9.      This Notice of Removal is timely filed because it is being submitted within

thirty (30) days of the commencement of the action and within one year of the commencement of the action.

10.    A true and correct copy of this Notice of Removal is being served on counsel for the Plaintiff this date.

11.    A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Russell County, Alabama this date.

12.    No Defendant by virtue of filing, this Notice of Removal, waives any defenses or objections available to it under the law.

WHEREFORE, PREMISES CONSIDERED, the Defendants, **J. B. HUNT TRANSPORT, INC., and STEVEN CHAD TAGGART**, pray that the above-entitled cause be removed from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Easter Division, according to the statutes in such case made and provided.

DONE this **27** day of June, 2007.

Respectfully submitted,

Christopher S. Rodgers    (ROD008)
Attorney for the Defendants,
**J. B. HUNT TRANSPORT, INC. and STEVEN CHAD TAGGART**

**OF COUNSEL:**
**HUIE, FERNAMBUCQ & STEWART, LLP**
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484

Telephone:  (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the U.S. Mail, properly addressed and postage prepaid on June 27, 2007.

_____
Of Counsel

**OF COUNSEL**:
Richard F. Horsley, Esq.
GOOZEE, KING & HORSLEY
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209

A07100043

State of Alabama
Unified Judicial System

**SUMMONS**
**-CIVIL-**

Case Number: CV 07-124

CORPORATE SAFETY

IN THE **CIRCUIT** COURT OF **RUSSELL** COUNTY, ALABAMA

MAY 2 9 2007

Plaintiff:     **GINGER DAYTON**     v.     Defendant:     **STEVEN CHAD TAGGART** RECEIVED

NOTICE TO:  J. B. Hunt, Attention: Julie Foster, PO Box 598, Lowell, Arkansas  72745

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Richard F. Horsley, Goozée, King & Horsley, LLP, Attorneys at Law,** WHOSE ADDRESS IS **1 Metroplex Drive, Suite 280, Birmingham, Alabama 35209.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN  **30**  DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

_____  TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

__X__  This service by certified mail of this summons is initiated upon the written request of _____ Plaintiff _____ pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

Date:  5/23/07 _____          _Dorothy Coulter_  _____ By: _____
                                      (Clerk/Register)

**RETURN ON SERVICE:**

_____  Certified Mail return receipt received in this office on (Date)_____
        (Return receipt attached hereto).

_____  I certify that I personally delivered a copy of the Summons and Complaint to _____
        _____ in _____, County, Alabama on
        (Date)_____.

_____                    _____
Date                                        Server's Signature

_____                    _____
Address of Server                           Type of Process Server

4/28/07

EXHIBIT "A"

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

GINGER DAYTON, an individual;                    )
                                                  )
    Plaintiffs,                            )
                                                  )
vs.                                               )        Civil Action No.:
                                                  )        CV-07-124
J.B. HUNT TRANSPORT, a business or               )
corporation; STEVEN CHAD TAGGART, an             )
individual; Defendants 1, 2 or 3, those persons, )
firms or businesses doing business as J. B. HUNT )
TRANSPORT; Defendants 2, 3, and 4, the           )
employers of the Defendant driver;               )
Defendants 5, 6, and 7, those persons, firms or  )
corporations responsible for the inspection,     )
maintenance and repair of the vehicle driven by  )
the Defendant; Defendants 8, 9, and 10, the      )
persons responsible for the accident made the    )
basis of the complaint; Defendants 11, 12, and 13)
the persons, firms and/or corporations who       )
negligently entrusted to STEVEN CHAD             )
TAGGART the vehicle which collided with the      )
Plaintiff's vehicle; all of whose names and legal )
identities are otherwise unknown to the Plaintiff )
at this time, but will be added by amendment     )
when ascertained,                                )
    Defendants.                            )

## COMPLAINT

The Plaintiff, Ginger Dayton (hereafter Plaintiff), is an adult resident of Barbour County

Alabama. The Defendant, Steven Chad Taggart (hereafter Taggart) is an adult out of state

resident who was operating a tractor trailer in Russell County at the time of this accident. The

Defendant J.B. Hunt Transport (hereafter J.B.) is a foreign business or corporation and either

owned Taggart's tractor trailer and/or was his employer at the time of the accident made the

subject this lawsuit. All of the events made the subject of this lawsuit occurred in Russell



County, Alabama. The Defendant, J.B. operates a business or businesses with their principal place of business in the state of Alabama.

## FACTUAL ALLEGATIONS

On or about January 3, 2007, the Plaintiff, Dayton, was operating a vehicle on US Hwy 280/431 at the intersection of Opelika Road in Russell County, Alabama. At that time, the Defendant Taggart was operating a tractor trailer owned by J.B. The Defendant Taggart was acting in the line and scope of his employment with J.B. and collided with the rear end of Dayton's vehicle while she was stopped at a red light.

## DAMAGES

Plaintiff has suffered the following damages and injuries:

a.      Mental anguish and emotional distress;

b.      Pain and suffering;

c.      Past, present and future medical expenses;

d.      Loss of enjoyment of life;

e.      Neck, arms, legs and lower back injuries;

f.      Permanent injuries.

## COUNT ONE
## NEGLIGENCE

1.      The Plaintiff realleges all previous paragraphs and further avers as follows:

2.      The Defendant Taggart, and fictitious Defendants 8, 9, and 10, negligently operated his tractor trailer so as to cause a rear end collision with the Plaintiff's vehicle. The Defendant's conduct constitutes negligence.

3.      As a proximate consequence the Plaintiff suffered the damages and injuries as

previously described.

    4.    **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury, plus interest and costs of court.

## COUNT TWO
## WANTONNESS

    1.    The Plaintiff realleges all previous paragraphs and further avers as follows:

    2.    The Defendant Taggart, and fictitious Defendants 8, 9, and 10, wantonly operated his tractor trailer so as to cause a rear end collision with the Plaintiff's vehicle. The Defendant's conduct constitutes wantonness.

    3.    As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

    4.    **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury, plus interest and costs of court.

## COUNT THREE

    1.    The Plaintiff realleges all previous paragraphs and further avers as follows:

    2.    The Defendant J.B. and fictitious Defendants 1, 2, and 3, were the owners of Taggart's tractor trailer and/or his employers at the time of the accident made the subject of this lawsuit. Taggart was acting in the line and scope of his employment with JB at the time of the accident made the subject of this lawsuit. The Defendant J.B. is vicariously liable for the actions of the Defendant Taggart. Those Defendants are liable to the Plaintiff pursuant to the Doctrine of Respondeat Superior.

    3.    As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

4.     **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount be determined by a jury, plus interest and costs of court.

## COUNT FOUR

1.     The Plaintiff realleges all previous paragraphs and further avers as follows:

2.     The named Defendants and fictitious Defendants 5, 6, and 7, negligently or wantonly inspected, maintained and repaired the tractor trailer driven by Taggart at the time of the accident made the subject of this lawsuit.

3.     As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

4.     **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount be determined by a jury, plus interest and costs of court.

## COUNT FIVE

1.     The Plaintiff realleges all previous paragraphs and further avers as follows:

2.     The named Defendants and fictitious Defendants 11, 12, and 13, negligently intrusted the subject tractor trailer to the Defendant Taggart at the time of the accident made the subject of this lawsuit.

3.     As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

4.     **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount be determined by a jury, plus interest and costs of court.

Plaintiff further avers that all Defendants, both fictitious and named, are guilty of the above-described causes and/or theories of recovery in a joint and several fashion and each count

of the complaint is intended to apply to each of the fictitious and named Defendants to the extent

it is applicable to same.

_____
Richard F. Horsley        HOR023
**Attorney for Plaintiffs**

**OF COUNSEL**
**GOOZÉE, KING & HORSLEY**
**1 Metroplex Drive, Suite 280**
**Birmingham, Alabama 35209**
**(205) 871-1310**

**TRIAL COUNSEL**:
**Richard F. Horsley**

**Plaintiffs demand a trial by a struck jury in this cause.**

_____
**OF COUNSEL**

**Plaintiff's Address**
**Ginger Dayton**
**462 Outback Road**
**Clayton, Alabama 36016**

**Defendant's Addresses**
**Steven Chad Taggart**
**5627 Price Lane**
**Early, Texas 76802**

**J. B. Hunt**
**1250 Meadland Circle**
**Hueytown, Alabama 35023**

J. B. Hunt
Attention: Julie Foster
PO Box 598
Lowell, Arkansas  72745