**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

June 29, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Dayton v. J.B. Hunt Transport, Inc. et al

Case Number:   3:07-cv-00599-MEF-TFM

**This Notice of Correction was filed in the referenced case this date to add the PDF Exhibit A attachment previously omitted.**

**The Exhibit A attachment PDF document is attached to this notice for your review. Reference is made to document # 1 filed on   June 28, 2007.**

A59100043

| State of Alabama | SUMMONS | Case Number: CV 07-134 |
|---|---|---|
| Unified Judicial System | -CIVIL- | |

CORPORATE SAFETY

IN THE **CIRCUIT** COURT OF **RUSSELL** COUNTY, ALABAMA

MAY 2 9 2007

Plaintiff: **GINGER DAYTON**     v.     Defendant: **STEVEN CHAD TAGGART et al.**

RECEIVED

NOTICE TO: J. B. Hunt, Attention: Julie Foster, PO Box 598, Lowell, Arkansas 72745

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Richard F. Horsley, Goozée, King & Horsley, LLP, Attorneys at Law,** WHOSE ADDRESS IS **1 Metroplex Drive, Suite 280, Birmingham, Alabama 35209**.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

____ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

__X__ This service by certified mail of this summons is initiated upon the written request of ____Plaintiff____ pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

Date: __5/23/07__     _____ By:_____
                                  (Clerk/Register)

**RETURN ON SERVICE:**

____ Certified Mail return receipt received in this office on (Date)_____
     (Return receipt attached hereto).

____ I certify that I personally delivered a copy of the Summons and Complaint to _____
     _____ in _____, County, Alabama on
     (Date)_____.

Date                                                    Server's Signature

Address of Server                                       Type of Process Server

                                                        4/28/07

EXHIBIT "A"

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| GINGER DAYTON, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, a business or corporation; STEVEN CHAD TAGGART, an individual; Defendants 1, 2 or 3, those persons, firms or businesses doing business as J. B. HUNT TRANSPORT; Defendants 2, 3, and 4, the employers of the Defendant driver; Defendants 5, 6, and 7, those persons, firms or corporations responsible for the inspection, maintenance and repair of the vehicle driven by the Defendant; Defendants 8, 9, and 10, the persons responsible for the accident made the basis of the complaint; Defendants 11, 12, and 13 the persons, firms and/or corporations who negligently entrusted to STEVEN CHAD TAGGART the vehicle which collided with the Plaintiff's vehicle; all of whose names and legal identities are otherwise unknown to the Plaintiff at this time, but will be added by amendment when ascertained,<br>Defendants. | Civil Action No.:<br>CV-07-134 |

### COMPLAINT

The Plaintiff, Ginger Dayton (hereafter Plaintiff), is an adult resident of Barbour County Alabama. The Defendant, Steven Chad Taggart (hereafter Taggart) is an adult out of state resident who was operating a tractor trailer in Russell County at the time of this accident. The Defendant J.B. Hunt Transport (hereafter J.B.) is a foreign business or corporation and either owned Taggart's tractor trailer and/or was his employer at the time of the accident made subject of this lawsuit. All of the events made the subject of this lawsuit occurred in Russell

County, Alabama. The Defendant, J.B. operates a business or businesses with their principal place of business in the state of Alabama.

### FACTUAL ALLEGATIONS

On or about January 3, 2007, the Plaintiff, Dayton, was operating a vehicle on US Hwy 280/431 at the intersection of Opelika Road in Russell County, Alabama. At that time, the Defendant Taggart was operating a tractor trailer owned by J.B. The Defendant Taggart was acting in the line and scope of his employment with J.B. and collided with the rear end of Dayton's vehicle while she was stopped at a red light.

### DAMAGES

Plaintiff has suffered the following damages and injuries:

a. Mental anguish and emotional distress;

b. Pain and suffering;

c. Past, present and future medical expenses;

d. Loss of enjoyment of life;

e. Neck, arms, legs and lower back injuries;

f. Permanent injuries.

### COUNT ONE
### NEGLIGENCE

1. The Plaintiff realleges all previous paragraphs and further avers as follows:

2. The Defendant Taggart, and fictitious Defendants 8, 9, and 10, negligently operated his tractor trailer so as to cause a rear end collision with the Plaintiff's vehicle. The Defendant's conduct constitutes negligence.

3. As a proximate consequence the Plaintiff suffered the damages and injuries as

previously described.

4. **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury, plus interest and costs of court.

## COUNT TWO
## WANTONNESS

1. The Plaintiff realleges all previous paragraphs and further avers as follows:

2. The Defendant Taggart, and fictitious Defendants 8, 9, and 10, wantonly operated his tractor trailer so as to cause a rear end collision with the Plaintiff's vehicle. The Defendant's conduct constitutes wantonness.

3. As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

4. **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount to be determined by a jury, plus interest and costs of court.

## COUNT THREE

1. The Plaintiff realleges all previous paragraphs and further avers as follows:

2. The Defendant J.B. and fictitious Defendants 1, 2, and 3, were the owners of Taggart's tractor trailer and/or his employers at the time of the accident made the subject of this lawsuit. Taggart was acting in the line and scope of his employment with JB at the time of the accident made the subject of this lawsuit. The Defendant J.B. is vicariously liable for the actions of the Defendant Taggart. Those Defendants are liable to the Plaintiff pursuant to the Doctrine of Respondeat Superior.

3. As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

4. **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount be determined by a jury, plus interest and costs of court.

## COUNT FOUR

1. The Plaintiff realleges all previous paragraphs and further avers as follows:

2. The named Defendants and fictitious Defendants 5, 6, and 7, negligently or wantonly inspected, maintained and repaired the tractor trailer driven by Taggart at the time of the accident made the subject of this lawsuit.

3. As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

4. **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount be determined by a jury, plus interest and costs of court.

## COUNT FIVE

1. The Plaintiff realleges all previous paragraphs and further avers as follows:

2. The named Defendants and fictitious Defendants 11, 12, and 13, negligently intrusted the subject tractor trailer to the Defendant Taggart at the time of the accident made the subject of this lawsuit.

3. As a proximate consequence the Plaintiff suffered the damages and injuries as previously described.

4. **WHEREFORE**, the Plaintiff demands judgment of the Defendants in an amount be determined by a jury, plus interest and costs of court.

Plaintiff further avers that all Defendants, both fictitious and named, are guilty of the above-described causes and/or theories of recovery in a joint and several fashion and each count

of the complaint is intended to apply to each of the fictitious and named Defendants to the extent it is applicable to same.



Richard F. Horsley     HOR023
Attorney for Plaintiffs

**OF COUNSEL**
GOOZÉE, KING & HORSLEY
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209
(205) 871-1310

**TRIAL COUNSEL**:
Richard F. Horsley

Plaintiffs demand a trial by a struck jury in this cause.

OF COUNSEL

**Plaintiff's Address**
Ginger Dayton
462 Outback Road
Clayton, Alabama 36016

**Defendant's Addresses**
Steven Chad Taggart
5627 Price Lane
Early, Texas 76802

J. B. Hunt
1250 Meadland Circle
Hueytown, Alabama 35023

J. B. Hunt
Attention: Julie Foster
PO Box 598
Lowell, Arkansas  72745