IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **GINGER DAYTON, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 3:07CV599-MEF |
| **J. B. HUNT TRANSPORT, INC.,** a business ) | |
| or corporation; **STEVEN CHAD TAGGART** ) | |
| an individual, et al., ) | |
| ) | |
| **Defendants.** ) | |

### ANSWER OF DEFENDANT, J. B. HUNT TRANSPORT, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, **J. B. HUNT TRANSPORT, INC.**, by and through its counsel of record and for answer to the Plaintiff's Complaint states as follows, separately and severally,

### FIRST DEFENSE

This Defendant denies each and every material allegations of the Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

That the Complaint of the Plaintiff, and each count thereof, fails to state a claim against this Defendant upon which relief may be granted.

### THIRD DEFENSE

This Defendant denies that on the occasion complained of in the Plaintiff's Complaint

that it was negligent and denies that any negligence on its part proximately caused or contributed to cause the alleged injuries and damages.

### FOURTH DEFENSE

This Defendant denies that it was wanton on the occasion complained of in the Plaintiff's Complaint and further denies that any wantonness on its part proximately caused or contributed to cause the alleged injuries and damages.

### FIFTH DEFENSE

This Defendant affirmatively avers that on the occasion complained of in the Plaintiff's Complaint, the Plaintiff was guilty of negligence which proximately caused or contributed to cause the alleged injuries and damages.

### SIXTH DEFENSE

This Defendant pleads assumption of the risk.

### SEVENTH DEFENSE

This Defendant states that Plaintiff's injuries and damages may have been caused by a superceding and intervening cause rather than any act or omission on the part of this Defendant.

### EIGHTH DEFENSE

This Defendant pleads the applicable statutes of limitations.

### NINTH DEFENSE

The Defendant pleads accord and satisfaction as an affirmative defense.

## TENTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof

of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### TWELFTH DEFENSE

This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### THIRTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### FOURTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of

Alabama as well as to other rights and protections afforded to it by <u>State Farm Automobile Ins. Co. V. Campbell</u>, 123 S. Ct. 1513 (April 7, 2003).

### FIFTEENTH DEFENSE

Unless J. B. Hunt Transport, Inc.'s liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate J. B. Hunt Transport, Inc.'s due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

### SIXTEENTH DEFENSE

Plaintiffs' claim for punitive damages against J. B. Hunt Transport, Inc., cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the Untied States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of

Alabama.

### SEVENTEENTH DEFENSE

Plaintiffs' claim for punitive damages against J. B. Hunt Transport, Inc., cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of J. B. Hunt Transport, Inc., (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate J. B. Hunt Transport, Inc.'s due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

### EIGHTEENTH DEFENSE

Any award of punitive damages based on anything other than J. B. Hunt Transport,

Inc.'s conduct in connection with the condition of the floor that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect J. B. Hunt Transport, Inc., against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

### NINETEENTH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of J. B. Hunt Transport, Inc., and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of J. B. Hunt Transport, Inc., in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

Respectfully submitted,

_____
Christopher S. Rodgers (ROD008)
Attorney for the Defendant,
**J. B. HUNT TRANSPORT, INC.**

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
Telephone: (205) 251-1193
Telecopier: (205) 251-1256

**DEFENDANTS DEMANDS TRIAL BY STRUCK JURY.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the U.S. Mail, properly addressed and postage prepaid on June 27, 2007.

_____
Of Counsel

**OF COUNSEL:**
Richard F. Horsley, Esq.
GOOZEE, KING & HORSLEY
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209