IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **GINGER DAYTON, an individual;** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | 3:07CV599-MEF |
| **STEVEN CHAD TAGGART, et al.;** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS' OMNIBUS MOTION IN LIMINE

COME NOW the Defendants, Steven Chad Taggart and J. B. Hunt Transport, Inc., ("J. B. Hunt"), (collectively "the Defendants"), and move this Honorable Court to enter an order prior to the trial of this case prohibiting the Plaintiff, Plaintiff's attorneys, and the Plaintiff's witnesses from commenting, testifying, questioning, offering evidence or making any reference before the jury in this case related to the following subject matter. As grounds therefor, Defendants would show unto the Court that each of the subject matters set forth below are totally irrelevant and immaterial with respect to the legal and factual issues involved in this case. As such these matters are inadmissible, totally inappropriate and highly prejudicial, and if any such mention of the specific subject matters outlined below is made, or if any questions pertaining to such issues are asked in front of the jury during the trial of this case, this Defendant's right to a fair and impartial trial will be irreparably harmed by such comments or communication even if an objection is later sustained. This motion is directed to the following subject matters:

1. Any testimony, comment or documentary evidence of the relative "wealth" of J. B. Hunt or its shareholders.

2. Any request in front of the jury that defense counsel or employees of Defendants

produce any document, statements, pleadings, photographs, or any other tangible exhibits contained in the files of Defendants or its attorneys.

    3.    Any argument or reference in front of the jury to the effect that J. B. Hunt has been recalcitrant or uncooperative in any manner during any stage of discovery.

    4.    Any testimony, comment, or documentary evidence in reference to other cases, verdicts, settlements or media coverage of same involving J. B. Hunt. Such hearsay evidence would clearly invoke undue prejudice, inject collateral irrelevant issues, and improper sympathy for the Plaintiff.

    5.    Any testimony, comment, or documentary evidence in front of the jury that defense counsel or employees of J. B. Hunt produce any document, statement, pleading, photograph or other tangible thing, not produced during the discovery process.

    6.    Any testimony, comment, or documentary evidence referencing any discovery disputes which may have occurred during the pendency of this litigation.

    7.    Any mention, reference, or question regarding any document which is not properly authenticated and admitted into evidence.

    8.    Any testimony or argument to the effect that Plaintiff or his attorney would like to present additional evidence to the jury, but the Court would not allow him to do so, or any suggestion or emphasis to the jury that the Defendants have moved to prohibit or exclude evidence.

    9.    Any reference to this motion.

    10.    Any testimony, comment, or documentary evidence of any insurance coverage in favor of the Defendants applicable to the claims made the basis of this lawsuit.

    11.    Any reference or attempt to introduce expert opinion testimony from any source

prior to the admission before the jury of factual background information supporting the expert's opinion and qualification of the expert.

12. Any verdicts won or lost in any court of law by J. B. Hunt.

13. Each of the matters set forth in Paragraphs 1-12 is generally inadmissible, irrelevant and prejudicial to the Defendants' right to obtain a fair and impartial trial. Should any of the matters set forth above become material, relevant or admissible during the course of trial, counsel for Plaintiff can bring such matter to the Court's attention outside the presence of the jury, receive a ruling thereon, and thus preserve Plaintiff's rights. Failure of the Court to grant this Motion in Limine will allow Plaintiff a free hand to inject such inadmissible and prejudicial matters before the jury. Even if the Defendants' objections to the injection of such material through questions, reference, statement or otherwise are sustained, harm will have been accomplished.

For the foregoing reasons, the Defendants' Motion in Limine is due to be granted. Obviously, if counsel for Plaintiff assures this Court that, as to each Paragraph, he will consent to the exclusion of such evidence or reference, this Court would not need to rule on these requests.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Court to enter an Order granting its Motion in Limine.

\s\ S. A. Bradley Baker, III
Christopher S. Rodgers
S. A. Bradley Baker, III

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
3 Protective Center
2801 Highway 280 South

Suite 200
Birmingham, AL 35223
(205) 251-1193

Attorneys for the Defendant,
**J. B. HUNT TRANSPORT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on ___July 20, 2008___, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

\s\ S. A. Bradley Baker, III
Of Counsel

**COUNSEL OF RECORD:**
Richard F. Horsley, Esq.
GOOZEE, KING & HORSLEY
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209