IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GINGER DAYTON,           ) | |
| ) | |
|    Plaintiff,           ) | |
| v.           ) | CASE NO. 3:07-cv-599-MEF |
| ) | |
| J.B. HUNT TRANSPORT, INC., *et al.,*   ) | |
| ) | |
|    Defendants.           ) | |

**ORDER ON PRE-TRIAL HEARING**

A pretrial hearing was held on this case on July 21, 2008, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL:</u>
    Plaintiff Ginger Dayton
    Trial Counsel: Richard F. Horsley
    KING, HORSLEY & LYONS, LLC
    1 Metroplex Drive, Suite 280
    Birmingham, Alabama 35209


    Defendant J.B. Hunt
    Defendant Steven Chad Taggart
    Trial Counsel: Christopher Rogers
    HUIE, FERNAMBUCQ & STEWART
    Three Protective Center, Suite 200
    2801 Hwy 280 South
    Birmingham, Alabama 35223-2484


2. <u>JURISDICTION AND VENUE:</u>

This case was originally filed in State Court and removed to United States District Court for the Middle District of Alabama Eastern Division pursuant to 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1332.

3. <u>PLEADINGS:</u>

The following pleadings and amendments were allowed:

(a) Plaintiff -

1. Complaint;

2. First Amended Complaint.

(b) Defendants -

1. Notice of Removal;

2. Answer.

4. <u>CONTENTIONS OF THE PARTIES:</u>

(a) The Plaintiff contends that the Defendant Taggart was acting in the line and scope of his employment as a truck driver for J.B. Hunt on January 3, 2007. While operating his tractor trailer, the Defendant Taggart admittedly failed to keep a proper lookout and collided with the Plaintiff's vehicle while she was stopped at a red light. This occurred on US Hwy 280/431 at the intersection of Opelika Road in Russell County, Alabama. The Plaintiff further contends that as a result of this collision, she suffered a herniated cervical disc and a bulging disc in the lumbar region of her spinal cord. As a result, she has undergone a cervical fusion, four lumbar nerve blocks, physical therapy and rehabilitation. The Plaintiff has incurred $42,555.11 in medical charges directly related to this accident. The Plaintiff also contends that she was working as a registered nurse at the time of this incident. She was earning approximately $72,000 per a year working (2) two separate jobs. She was able to return to work at sedentary duty for a period of time; however, when she was

placed back in her normal job activities, she could no longer perform her job due to pain and her physical restrictions and was subsequently terminated. The Plaintiff contends that although she has applied for work, she remains unemployed and unable to perform the physical demands of a registered nurse or any other nursing activity. The Plaintiff contends that her lost wages as a result of this accident are between $250,000 and $500,000 based upon expert vocational testimony. The Plaintiff contends that she remains in significant pain both in the neck area and low back area. She also suffers from headaches as a result of the accident and subsequent surgery. The Plaintiff contends that the Defendant Taggart was negligent in failing to see that the vehicles in front of him were stopped at a red light and in failing to stop his tractor trailer before colliding with the Plaintiff's vehicle. The Plaintiff contends that Defendant Taggart was acting in the line and scope of his employment for the Defendant J.B. Hunt and that J.B. Hunt is liable for his actions since he was their employee at the time. The Plaintiff contends that she has suffered damages as described above as well as severe pain and suffering, extreme mental anguish and emotional distress and loss of enjoyment of life.

      (b)    The Defendant(s)

The Defendants do not dispute that an accident occurred on Highway 280 in Phenix City, Alabama on January 3, 2007 involving a J. B. Hunt Transport, Inc., tractor-trailer being driven by the Defendant, Steven Taggart, while in the line and scope of his employment. The Defendants do not dispute that the actions of Mr. Taggart were the proximate cause of the accident in question. The Defendants do dispute the Plaintiff's alleged injuries and damages

as claimed above. The Defendants contend that the Plaintiff has not lost any future earning capacity as claimed by the Plainitff and further contends that the extent of her injury is questionable and not causally related to the accident made the basis of this suit. Further, the Defendant's deny the Plaintiff has suffered any damages described as mental anguish, or emotion distress or loss of enjoyment of life.

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES:</u>

    (a)  The Parties stipulate that the Defendant Taggart caused this collision and that the Defendant J.B. Hunt is legally liable for this actions since he was acting in the line and scope of his employment.

    (b)  The Plaintiff has incurred medical expenses in the amount of $42,555.11, all of which have been paid by worker's compensation insurance or health insurance. There is a worker's compensation subrogation lien in the amount of $38,641.11. There is a Genex Healthcare subrogation lien in the amount of $5,820.03. There is a health insurance subrogation lien in the amount of $495.

\* Although the Defendant stipulates that the amount of the above charges is correct, the Defendant does not stipulate that all charges are directly related to this accident.

It is ORDERED that:

(1)    The jury selection and trial of this cause, which is to last two (2) days, are set for August 11, 2008, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;

(2)    A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3)    The parties are to file their pre-trial briefs, if any, by August 4, 2008;

(4)    Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5)     All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #10) entered by the court on August 1, 2007;

(6)     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

    DONE this the 29th day of July, 2008.

                                               /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE