IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GINGER DAYTON, an individual; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No.: 3:07CV599-MEF |
| | ) |
| STEVEN CHAD TAGGART, et al.; | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT J. B. HUNT TRANSPORTATION, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

COMES NOW the Defendant, J. B. Hunt Transportation, Inc., ("J. B. Hunt"), and responds to Plaintiff's Motion in Limine. For grounds therefore, this Defendant states as follows:

1) J. B. Hunt states it has no objection to Paragraphs #1 and #2 in Plaintiff's Motion in Limine.

2) J. B. Hunt objects to Plaintiff's Paragraph #3 in that it seeks to exclude evidence that is both relevant and admissible to Plaintiff's damages claims. This evidence is properly presented to a jury because it helps the jury determine how much pre-existing back pain Plaintiff had before the subject accident, injury which cannot be attributable to this Defendant.

3) Plaintiff testified that in November 2006, approximately two months prior to the subject accident, she had been treated by Dr. Wesley Marner for pulled muscles in her back. (Deposition of Ginger Dayton, pp. 58-59.) Plaintiff seeks to exclude this evidence from the jury's consideration. Plaintiff now claims that she sustained back injuries from the

subject accident, which took place on January 3, 2007. Plaintiff's pre-existing injury is relevant to a jury's determination of damages owed to Plaintiff from the subject event.

4) In support of her allegations, Plaintiff claims that her treating physician, Dr. Michael Davis, attributes her current back pain to injuries sustained during the subject accident. However, Dr. Davis testified that he was unaware of Plaintiff's previous back injury and was further unaware that she had been treated for this previous injury by Dr. Wesley Marner and that she was on prescription medication for the back injury at the time of the accident. (Deposition of Dr. Michael Davis, pp. 54-56). Dr. Davis further testified that it would be important for him to know about Plaintiff's previous injury when diagnosing her injury. Id.

5) Evidence of Plaintiff's previous injury is relevant and admissible to rebut Plaintiff's contention that the sole cause of her back injury was the subject accident. As such, Plaintiff's Motion in Limine to exclude prior injuries and/or medical conditions should be denied.

Respectfully submitted,

\s\ S. A. Bradley Baker, III
Christopher S. Rodgers
S. A. Bradley Baker, III

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
3 Protective Center
2801 Highway 280 South
Suite 200
Birmingham, AL 35223
(205) 251-1193

Attorneys for the Defendant,
**J. B. HUNT TRANSPORT, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on ___July 29, 2008___, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                                \s\ S. A. Bradley Baker, III
                                Of Counsel

**COUNSEL OF RECORD:**
Richard F. Horsley, Esq.
GOOZEE, KING & HORSLEY
1 Metroplex Drive, Suite 280
Birmingham, Alabama 35209